IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VAUGHN BUREN INCORPORATED,
United States for the Use and Benefit of
Vaughn Buren, Inc., a Massachusetts Corp.,
and ALTITUDE HFC, a New Mexico
Corporation,

    Plaintiffs,

v.                                               No. 14-CV-961 MCA/CG

JORGE GARRIDO, G&C INVESTMENT
CORPORATION, PETER BLOCK,
JOHN DOES 1-50, JANE DOES 1-50, and
OTHER ENTITIES 1-50,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte*. On February 26, 2015, the Honorable Magistrate Judge Carmen E. Garza entered an *Amended Order to Show Cause* requiring Plaintiffs to serve process on Defendants on or before March 10, 2015, or to show cause why they had failed to serve the Defendants. [Doc. 4]  The *Order* set forth that more than 120 days had elapsed between the date the *Complaint* was filed (October 24, 2014) and that the docket reflects that none of the defendants have been served with a summons and the Complaint.  To date, Plaintiffs have not responded to the *Order to Show Cause* or filed proof of service.

    Federal Rule of Civil Procedure 4(m) provides, in relevant part:

If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the

1

action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than 120 days have elapsed since the Complaint was filed and, even after notice, Plaintiffs have failed to comply with the provisions of Rule 4(m) or attempt to show good cause for their failure to do so.

The Court has the inherent power to dismiss for lack of prosecution. *Espinoza v. U.S.*, 52 F.3d 838, 840 (10th Cir. 1995). Though Plaintiffs had notice and an opportunity to respond and explain why they have failed to serve Defendants, Plaintiffs have not done so. Based on the Plaintiffs' lack of service and prosecution in this case, their complaint shall be dismissed without prejudice. *See Chester v. Green*, 120 F.3d 1091 (10th Cir. 1997) (finding no error in dismissal without prejudice where the plaintiff failed to establish service).

**WHEREFORE, IT IS HEREBY ORDERED** that the above captioned action be **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED THIS** 23rd day of March, 2015 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court